UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :<br>: Case No. 23-CR-292-7 (CKK)<br>: |
| v. | : |
| MELVIN GREEN, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. **Summary of the Plea Agreement**

The defendant, Melvin Green, agrees to admit guilt and enter a plea of guilty to a one-count Superseding Information, charging him with: Accessory After the Fact, in violation of 18 U.S.C. § 3.

II. **Elements of the Offense**

The single-count Superseding ~~Information~~ *Indictment Count 12* [CKK Jan 5, 2026] charges Accessory After the Fact, in violation of 18 U.S.C. § 3. The essential elements of the offense are:

1. The crime of Kidnapping and Aiding and Abetting had been committed by a coconspirator;

2. The defendant knew that this crime had been committed and that the coconspirator had committed it;

3. The defendant thereafter intentionally received, relieved, comforted, or assisted the coconspirator to hinder and prevent that person's apprehension, trial, or punishment for the crime of Kidnapping and Aiding and Abetting.

The essential elements of the underlying crime, Kidnapping and Aiding and Abetting, are:

1. The coconspirator unlawfully and willfully seized, confined, inveigled,

       decoyed, kidnapped, abducted, or carried away Victim-1;

2. The coconspirator held Victim-1 for ransom, reward, or other benefit or reason;

3. The coconspirator voluntarily and intentionally transported Victim-1 while he was seized, confined, or kept;

4. The transportation was in interstate commerce.

"Interstate commerce" means commerce or travel between one state and another state.

### III. Penalties for the Offense

The penalties for Accessory After the Fact, in violation of 18 U.S.C. § 3, are as follows:

1. A maximum term of imprisonment of 15 years' incarceration;

2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

3. Mandatory restitution;

4. A term of supervised release of not more than 3 years; and

5. A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

### IV. Statement of the Facts

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. On June 8, 2023, before midnight, the defendant MELVIN GREEN (hereafter, the "defendant"), DeAngelo Beale (hereafter, "Victim-1"), L.H. (hereafter, "Victim-2"), and others

departed the area of the 4400 block of F Street SE, Washington, D.C. At approximately 12:09 p.m., they arrived at the Saint Yves nightclub, located at 1220 Connecticut Avenue NW, Washington, D.C. for a birthday celebration. Below, the defendant is depicted around 12:10 a.m., waiting to enter the Saint Yves nightclub.



2.  Eventually, around 2:21 a.m. on June 9, 2023, the defendant and others returned from the nightclub to the 4400 block of F Street SE. By that point, Victims-1 and -2 had not yet returned to the area.

3.  At approximately 2:33 a.m., the coconspirators searched Victim-1's black Mercedes SUV, which was unoccupied and parked on the north side of the street in the 4400 block of F Street SE. They took from Victim-1's vehicle a backpack and duffel bag. As this was happening, the defendant (circled below in red) served as a lookout and waved people away from F Street SE.



4.        The Victims returned to the 4400 block of F Street SE at approximately 3:03 a.m.

5.        At 3:43 a.m., the kidnapping of Victim-1 began for the purpose of stealing Victim-1's clothing, money, his vehicle, and other belongings. While Victim-1 occupied the driver's side of his Mercedes SUV, an individual lunged towards Victim-1 from the driver's-side doorway as others pushed forward to assist in confining Victim-1.

6.        Multiple coconspirators enclosed Victim-1 from the driver's-side doorway and commenced removing Victim-1's clothing from his body.

7.        Around the same time, surveillance shows Victim-2, who was standing in front of Victim-1's Mercedes SUV, being held at gunpoint.

8.        A coconspirator searched Victim-2 and pulled his pants off. The coconspirator pushed Victim-2 to the passenger-side rear door of Victim-1's Mercedes SUV.

9.        Around 3:45:23 a.m., the coconspirators pulled Victim-1 from the driver's seat of the car. As the defendant looked on, the coconspirators prevented Victim-1 from fleeing and pushed Victim-1 into the rear area of the Mercedes SUV. Shortly thereafter, Victim-2 was pushed into the trunk area of the Mercedes SUV.

10. In so doing, the coconspirators used Victim-1's vehicle—a means, facility, and instrumentality of interstate or foreign commerce—to effectuate the kidnapping.

11. A coconspirator entered the driver's seat of Victim-1's Mercedes SUV and closed the door. Around 3:46:00 a.m., the defendant (circled below in red) ran towards the coconspirator in the driver's seat, who opened the driver's side door and talked to the defendant. The coconspirator then retrieved a firearm from his front right pants area and provided the firearm to the defendant.



12. Around 3:46:16 a.m., the defendant (circled below in red) tucked the firearm into the defendant's front waistband and walked away from the Mercedes SUV towards 4431 F Street SE.



13.     Five coconspirators drove Victim-1's Mercedes SUV, carrying Victims-1 and -2 away from the scene. Surveillance shows four coconspirators piling into a nearby white Nissan Altima, which also fled the scene.

14.     The defendant's coconspirators transported Victim-1 and Victim-2 to a nearby area. The coconspirators demanded information regarding residences associated with Victim-1 and threatened and assaulted both Victims, including at gunpoint, resulting in injuries to both Victims that involved extreme physical pain and required hospitalization.

15.     Ultimately, the coconspirators transported Victim-1 across state lines from the District of Columbia to Maryland, where Victim-1 maintained two residences that multiple coconspirators burglarized.

16.     First, at approximately 4:39 a.m., the Mercedes SUV and Nissan Altima entered an apartment complex located at 5200 Belgreen Street, Suitland, Maryland, where Victim-1 maintained an apartment ("Residence-1"). Some of the coconspirators burgled Residence-1.

17.     Then, at approximately 5:39 a.m., the Mercedes SUV arrived at Victim-1's residence at 2500 Lake Drive, Waldorf, Maryland ("Residence 2"), which some of the coconspirators also burgled.

18. On August 31, 2023, law enforcement arrested the defendant and a codefendant at 4425 F Street SE. That same day, law enforcement searched a residence linked to the defendant, 4935 Collingtons Bounty Drive, Bowie, Maryland 20720, where they located three Glock pistols (two of which were previously reported stolen), one AK-variant pistol, and assorted ammunition and firearm magazines. The black and grey Nike jacket that the defendant wore on the date of the kidnapping was found on the same sofa on which law enforcement found one of the Glock pistols that had been reported stolen.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes.

The defendant agrees that he personally has read, or had read to him, the Second Superseding Indictment, including the allegations and charges against both him and his co-defendants in the Indictment. The defendant agrees that he does not have information to dispute or disprove the allegations and charges against his co-defendants in any way.

*   *   *

This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ John Crabb Jr.*
John Crabb Jr.
Anthony Scarpelli
D.C. Bar No. 474711
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
Anthony.scarpelli@usdoj.gov
(202) 252-1794 (Crabb)
(202) 252-7707 (Scarpelli)

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Accessory After the Fact, in violation of 18 U.S.C. § 3. I have discussed this proffer fully with my attorney, Robert Jenkins, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: December 30, 2025

Melvin Green
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to one count of Accessory After the Fact, in violation of 18 U.S.C. § 3. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: December 30, 2025

Robert Jenkins, Esq.
Attorney for Defendant

9